UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STANLEY E. VAUGHN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 12-3326 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Petitioner Stanley Vaughn's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Petition) (d/e 1). For the reasons that follow, the Court DENIES the Petition.

### I. BACKGROUND[1]

The case against Stanley Vaughn ("Petitioner") began with the apprehension of Jenell Moore in January of 2010, after Moore sold $50 worth of heroin to a police informant in Springfield, Illinois. After agreeing to cooperate with law enforcement, Moore named

---

[1] The facts in this background section are from the opinion on Petitioner's direct appeal, United States v. Vaughn, 431 Fed. Appx. 507 (7th Cir. 2011), and the Presentence Investigation Report (d/e 48) filed in United States v. Vaughn, 10-cr-30006.

Petitioner as his heroin supplier since the summer of 2009. Moore then told agents of the Drug Enforcement Agency ("DEA") that Moore was expecting a delivery from Petitioner that day. Moore placed several phone calls to Petitioner, which DEA agents recorded, and eventually arranged to meet Petitioner at Moore's residence.

When DEA agents later arrested Petitioner at Moore's residence, they found that Petitioner had 51.3 grams of heroin up his sleeve. After Petitioner received his Miranda warnings, he waived his rights and gave a statement.

Petitioner told agents about his own supplier, Chicago's "Cuz." He also admitted providing heroin to Moore three or four times in the previous six months. Petitioner also said that he previously delivered 10 or 20 grams of heroin to another Springfield resident known as "D" or "Killer." Moore later disclosed to agents that Petitioner had provided him with 60 or 70 grams of heroin over the course of 10 separate meetings.

On January 29, 2010, the Government filed an Indictment charging Petitioner and Moore with conspiracy to possess heroin with the intent to distribute, in violation of 21 U.S.C. §§ 846,

841(a)(1). The Indictment additionally charged Moore with possessing a gun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I), and possessing a gun after a felony conviction, in violation of 21 U.S.C. §922(g)(1).

After pleading "not guilty" to the Indictment, Petitioner filed a motion to suppress the heroin and the statements he made to DEA agents, arguing that his warrantless arrest was not supported by probable cause. United States District Court Judge Richard Mills of the Central District of Illinois denied the Motion,[2] and Petitioner subsequently pleaded guilty before Magistrate Judge Byron G. Cudmore to Count One—possessing heroin with the intent to distribute it. Petitioner's plea was unconditional:

> THE COURT: Mr. Vaughn, in my court an open plea means you're pleading guilty without any agreement with the government. It's not a conditional plea where you're kind of reserving any issues for the appellate court. It's just an open plea. Understood, Mr. Vaughn?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any questions about what an open plea is in my court?
>
> THE DEFENDANT: No.

---

[2] United States v. Vaughn, 2010 U.S. Dist. LEXIS 59840, at *3 (C.D. Ill. June 15, 2010).

Transcript of Plea Hearing, d/e 69 at 8, United States v. Vaughn, (No. 10-30006) (Aug. 3, 2010). Furthermore, Petitioner affirmed to Judge Cudmore that Petitioner's counsel had reviewed the ruling on the motion to suppress with him and any appeal of that ruling:

> THE COURT: [Have you] [r]eviewed with your client the result of the motion to suppress and any appeal of said?
>
> MR. COSTELLO (Petitioner's counsel): Yes, Your Honor.
> . . .
>
> THE COURT: Thank you. Thank you, Mr. Costello. Mr. Vaughn, have you in fact discussed with Mr. Costello the items that he and I just went through?
>
> THE DEFENDANT: Yes.

Id. at 13.

At the plea hearing, Petitioner also admitted that he knew Moore took the heroin Moore purchased from Petitioner and sold it to other people:

> THE COURT: And you knew [Moore] was going to distribute [heroin] to others and he was gonna make money, correct?
>
> THE DEFENDANT: No, I didn't know none of that part that what went on far as with that. He—
>
> THE COURT: He didn't tell you, but you could infer it by the weight involved. That's not personal use heroin, is it?

> THE DEFENDANT: No, that's not personal use heroin.
>
> THE COURT: Very well. So you knew it was being sold to others, didn't you?
>
> THE DEFENDANT: Yes—yes, I knew he was selling it, but I just –he just asked me would I get it for him. He went his own way and I got his money and just got it for him.

Id. at 25-26.

After accepting the unconditional plea, adjudging Petitioner guilty, and finding that Petitioner was a career offender, United States District Court Judge Richard Mills sentenced Petitioner to 262 months' imprisonment and Jenell Moore to a total of 225 months' imprisonment. Believing that his sentence was unreasonable, Petitioner appealed, asserting that the Court failed to consider the disparity of the co-defendants' sentences, as 18 U.S.C. § 3553(a)(6) requires. See United States v. Vaughn, 431 Fed. Appx. 507, 509 (7th Cir. 2011). The Seventh Circuit rejected this argument and affirmed Petitioner's sentence of 262 months. Id. at 510.

## II. ANALYSIS

Petitioner now asks this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a). This statute allows a

prisoner to attack his federal sentence on the ground that it was imposed in violation of the Constitution. "Habeas corpus relief under § 2255 is reserved for extraordinary situations." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996).

Petitioner asserts three violations in his petition. He again challenges whether probable cause existed for his warrantless arrest. Additionally, Petitioner argues that his counsel was ineffective for failing to both challenge the warrantless arrest on appeal and argue that Petitioner and Moore were only in a buyer/seller relationship, rather than a conspiracy. Because the record conclusively shows that Petitioner is not entitled to relief, an evidentiary hearing is unnecessary and the petition is denied. See, e.g., Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006) (stating that an evidentiary hearing is necessary only when a § 2255 petitioner alleges facts that would entitle him to relief if proven).

### A. Petitioner Waived His Fourth Amendment Claim When He Entered an Unconditional Guilty Plea.

A defendant waives nonjurisdictional defects, including Fourth Amendment claims, when he enters an unconditional plea of guilty. United States v. Combs, 657 F.3d 565, 568 (7th Cir. 2011) (holding

that the appellate court lacked jurisdiction to hear challenge to district court's denial of defendant's motion to suppress when defendant entered unconditional guilty plea). The Federal Rules of Criminal Procedure provide an exception to this general rule. Id. at 569; see FED.R.CRIM.P. 11, advisory committee's note. Under Rule 11(a)(2), a defendant may reserve the right to appeal a trial court's decision on a pretrial motion by entering a *conditional* guilty plea. Both the Government and the Court must consent to a defendant entering a conditional plea. FED.R.CRIM.P. 11(a)(2). Nothing in this record indicates that Petitioner's plea was conditional. To the contrary, the transcript of the plea hearing leaves no doubt that Petitioner entered an unconditional plea and did so after Judge Cudmore informed him of the difference between an open plea and a conditional plea: "[Y]ou're pleading guilty without any agreement with the government. It's not a conditional please where you are kind of reserving any issues for the appellate court. It's just an open plea . . . ." See Tr., d/e 69 at 8. With this explanation, Petitioner knew he was giving up appellate rights. Therefore, Petitioner waived his challenge to the denial of his motion to suppress, and the Court cannot consider it here. United States v. Adigun, 703

F.3d 1014, 1019 (7th Cir. 2012) cert. denied, 133 S. Ct. 2046 (2013) (finding that defendant's guilty plea was not conditional when there was neither a plea agreement nor any indication of an agreement between the parties and the court that defendant was preserving right to appeal pretrial rulings).

**B. Appellate Counsel Was Not Ineffective For Failing To Raise A Waived Claim.**

Finding that Petitioner waived any Fourth Amendment challenge due to the nature of his guilty plea forecloses Petitioner's next argument that his counsel was ineffective for not appealing the district court's denial of the motion to suppress.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was objectively unreasonable and prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A counsel's performance is "unreasonable" when the alleged acts or omissions are "outside the wide range of professionally competent assistance." United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995) (finding that defendant's counsel was not unreasonable for declining to argue losing argument).

Petitioners must overcome the "strong presumption" that counsel acted reasonably. Id. To prove prejudice, a petitioner must show "a reasonable possibility that, but for unprofessional errors, the result of the proceedings would have been different." United States v. Balzano, 916 F.2d 1273, 1292 (7th Cir. 1990) (noting that defendant asserting ineffective assistance of counsel claim has high mountain to climb).

When a claim like the present one is based on appellate counsel's failure to raise an argument, the Court examines the record to determine whether appellate counsel failed to raise "significant and obvious issues" on appeal. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1985) (stating that appellate counsel could be found insufficient if counsel failed to raise "viable" claim). A petitioner overcomes the strong presumption that his counsel acted reasonably only if his counsel ignored issues that were more viable than the issues his counsel chose to argue on appeal. Id.; see also Howard v. Gramley, 225 F.3d 784, 791 (7th Cir. 2000) (applying Gray v. Greer to find that appellate counsel was inadequate for failing to raise issues with better factual and legal bases than the

sole issue counsel raised on appeal but ultimately finding that defendant was not prejudiced by counsel's defective performance).

Here, Petitioner has not met his burden of proof under Strickland. Because Defendant's plea was unconditional, the Seventh Circuit lacked jurisdiction to hear a challenge to the denial of the motion to suppress. See Combs, 657 F.3d at 569-71 (stating that after defendant enters unconditional guilty plea "an appellate court lacks jurisdiction over pre-plea claims because of the absence of a case or controversy," even if the Government "waives the waiver") (internal citations omitted); see also United States v. Adigun, 703 F.3d 1014, 1020 (7th Cir. 2012) cert. denied, 133 S. Ct. 2046 (2013) (citing Combs and noting that the appellate court lacks subject-matter jurisdiction over a district court's suppression ruling when defendant entered unconditional guilty plea). Although the Seventh Circuit has once reviewed a pretrial motion for plain error despite the defendant's unconditional guilty plea, the circumstances that led to that review are not present here. See United States v. Robinson, 20 F.3d 270, 273 (7th Cir.1994) (stating that the court may review non-jurisdictional errors for plain error under Federal Rule of Civil Procedure 52(b) even when defendant

pleads guilty unconditionally or fails to object at sentencing but finding that district court did not commit any errors, plain or otherwise).

As the Seventh Circuit explained in United States v. Adigun, the Robinson court found that Federal Rule of Criminal Procedure 52(b) permits "plain error" review of pretrial claims when those claims are "forfeited" rather than "waived." 703 F.3d at 1020-22. Unlike "wavier," which is the intentional relinquishment of a right, "forfeiture is the failure to make the timely assertion of a right . . . ." 703 F.3d at 1021 (citing United States v. Olano, 507 U.S. 725, 733 (1993)). An "unconditional plea is a true waiver." Adigun, 703 F.3d at 1022. In refusing to review the denial of defendant Adigun's motion to suppress, the Seventh Circuit recognized that the Robinson decision was "an outlier" and that other cases have conclusively rejected appellate jurisdiction over pretrial rulings following an unconditional guilty plea. Id. at 1020-21.

Like the defendant in Adigun, Petitioner's unconditional guilty plea was a waiver, and the Seventh Circuit lacked jurisdiction to review the district court's denial of the motion to suppress. Accordingly, a challenge to that denial was neither "obvious" nor

"clearly stronger" than the sentencing disparity claim Petitioner's counsel presented on appeal. Indeed, appealing Judge Mills's ruling on the suppression motion would have been "frivolous." United States v. Clay, 13-2623, 2014 WL 1571608 (7th Cir. Apr. 21, 2014) (noting that an appellate claim challenging a suppression ruling would be "frivolous" if defendant did not enter conditional guilty plea). Petitioner's counsel was, therefore, completely reasonable in choosing not to raise the Fourth Amendment challenge to the motion to suppress.

Likewise, because the Seventh Circuit would not have had subject-matter jurisdiction to review the district court's ruling on the suppression motion, Petitioner was not prejudiced by his counsel's decision not to challenge the pretrial ruling on appeal.

### C. Petitioner's Counsel Was Not Ineffective For Failing To Raise A Buyer/Seller Challenge In Order To Negotiate A Plea To A Lesser Offense.

Petitioner also alleges that his trial counsel was ineffective for failing to raise a buyer/seller challenge to the conspiracy charge, which Petitioner claims would have allowed his counsel to negotiate a plea to the lesser offense of distributing heroin. Again, Petitioner cannot meet either prong of Strickland. First, nothing in the record

suggests that Petitioner's counsel was objectively unreasonable for not arguing that Petitioner was simply selling Moore heroin, rather than engaging in a conspiracy with him. The facts of this case detailed in the Presentence Investigation Report ("PSR") support the charge for conspiracy to which Petitioner ultimately pleaded guilty. According to the PSR, the Petitioner admitted to providing Moore with fifty grams of heroin to distribute to "Showtime," who was also known as Jonnell Smith. PSR, d/e 48 ¶ 12; see <u>United States v. Rea</u>, 621 F.3d 595, 608 (7th Cir. 2010) ("[A] conspiracy exists when the defendant and a co-conspirator were on the same side of the transaction.") (citation omitted).

Additionally, Petitioner admitted to federal agents that Moore gave Petitioner $2,000 to buy heroin and would give Petitioner another $2,000 when Petitioner delivered the heroin to Moore. PSR, d/e 48 ¶ 12. This was not the only time Moore and Petitioner extended one another credit. Moore told agents that before the heroin deal that led to Petitioner's conviction, Moore had previously purchased heroin from Petitioner on credit, paying him $175 with the understanding that Moore would pay the remaining $325 at a later date. PSR, d/e 48 ¶ 13.

These admissions, along with the other admissions in the PSR that show Moore and Petitioner engaged in numerous drug transactions over multiple years, indicate more than a buyer/seller relationship.  See Precin v. United States, 23 F.3d 1215, 1218 (7th Cir. 1994) ("While a single credit transaction may not be sufficient to demonstrate that the buyer was aware of the conspiracy, a pattern of repeated narcotics transactions in which credit arrangements are made may support such a conclusion.").

Finally, Petitioner knowingly and voluntarily pleaded guilty to the conspiracy charge and told Magistrate Judge Byron Cudmore that Petitioner knew Moore was selling the heroin he bought from Petitioner.  See Tr., d/e 69 at 26.  This admission and the guilty plea create a "formidable barrier to collateral relief and carry a strong presumption of truth."  Precin, 23 F.3d at 1218.  Therefore, defense counsel was not unreasonable for declining to negotiate a plea for a lesser offense.

Even if Petitioner's counsel had been unreasonable for not asserting a buyer/seller challenge to the conspiracy charge, Petitioner cannot prove prejudice because he has no proof that the Government would have offered a plea agreement for a lesser

charge.  See United States v. Hall, 212 F.3d 1016, 1022 (7th Cir. 2000) ("[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel, including . . . the cooperation of the prosecutor, who has no obligation to offer such an agreement."); see also United States ex rel. Jones v. Hockaday, 2004 U.S. Dist. LEXIS 1537, at *14 (N.D. Ill. Feb. 4, 2004) (rejecting habeas petitioner's argument that his trial counsel was ineffective for not negotiating a plea when nothing in the record suggested that the State offered or was willing to entertain plea negotiations). As a result, Petitioner's claim that counsel was ineffective for not using a buyer/seller defense to obtain a more favorable plea agreement does not entitle Petitioner to relief.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the Court denies a certificate of appealability in this case.  Such a certificate is appropriate when the Court denies a § 2255 petition and reasonable jurists could debate whether the petition states a valid claim and whether the district court erred. Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This Court concludes

that jurists of reason would not engage in such a debate. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

**Petitioner's unconditional guilty plea barred him from challenging the denial of his suppression motion both on this collateral attack and on direct appeal. Because this Fourth Amendment claim was waived, Petitioner's counsel was not ineffective for failing to raise it on appeal. Furthermore, because Petitioner has not proved that he was prejudiced when his counsel declined to negotiate a plea for a lesser charge, he has not shown his counsel was ineffective. Therefore, Petitioner's Motion (d/e 1) is DENIED. Additionally, because reasonable jurists would not debate whether Petitioner had a valid claim, nor would they disagree about whether the Court's ruling on the petition is incorrect, the Court DENIES a certificate of appealability.**

**This case is CLOSED.**

ENTER: July 17, 2014
FOR THE COURT:

                                            <u>s/ Sue E. Myerscough</u>
                                             SUE E. MYERSCOUGH
                                          United States District Judge